UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MORRISON**, *Administrator for the Estate of Carl Morrison*, <br><br> Plaintiff, <br><br> v. <br><br> **MURIEL BOWSER**, *Mayor for the District of Columbia*, <br><br> Defendant. | Case No. 1:24-cv-00610 (TNM) |

**MEMORANDUM OPINION**

Patricia Morrison, in her role as administrator for the Estate of Carl Morrison, has sued Muriel Bowser, in her official capacity as Mayor of Washington, D.C.  Morrison claims, *pro se*, that her late husband endured race and disability discrimination, which cost him a great deal in pay and benefits.  As Morrison tells it, the discrimination spanned more than 30 years—from 1982 to 2017, when Carl Morrison died.  Morrison admits that this is her fifth attempt to prevail on these claims; four prior cases have all been dismissed.  But three obstacles prevent this latest lawsuit from going any further: res judicata, the statute of limitations, and allegations that fail to state a claim.  So the Court will grant the Mayor's motion and dismiss the Complaint.

**I.**

Earlier this year, Morrison named Mayor Bowser in a Complaint asserting several constitutional and statutory violations.  *See* Compl. at 3,[1] ECF No. 1.  She claims her husband faced unlawful discrimination during his employment by the District of Columbia.  *Id.* at 4.  But

---

[1] The Court's page citations refer to the pagination automatically generated by CM/ECF.

Carl Morrison passed away in 2017, so Patricia Morrison brings this suit in her capacity as the administrator of her husband's estate. *Id.* at 1. She seeks millions in damages. *Id.* at 5.

By the Court's count, this marks Morrison's fifth attempt to recover on her husband's claims. She started by filing a petition for review in the Superior Court for the District of Columbia. The court denied her petition, and the D.C. Court of Appeals summarily affirmed. *See Est. of Carl Morrison v. Bowser*, No. 2017-CA-003071-B (D.C. Super. Ct. July 5, 2018) (denying petition for review), *aff'd sub nom. Morrison v. District of Columbia*, 242 A.3d 161 (D.C. 2020) (table). She tried again in the same forum. But res judicata brought an end to that suit. *See Morrison v. District of Columbia*, No. 2021-CA-002147-B (D.C. Super. Ct. Feb. 8, 2022) (dismissing claims under res judicata).

So Morrison brought her claims here instead. After three amended complaints, however, this Court found her claims insufficient under Rule 8 and barred by both *Rooker-Feldman* and claim prelusion. *Morrison v. District of Columbia*, No. 22-cv-456, 2022 WL 16961129, at *5 (D.D.C. Nov. 16, 2022) (dismissing suit with prejudice). It appears Morrison gave things another shot in Superior Court. But that effort ended with an adverse oral ruling. *See Morrison v. District of Columbia*, No. 2023-CAB-001437 (D.C. Super. Ct. June 16, 2023) (dismissing claims in oral ruling).

Morrison now revives her claims for the fifth time. And Mayor Bowser moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. to Dismiss, ECF No. 6. That motion is ripe.

## II.

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion under Rule 12(b)(6) "tests the legal

sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545–46. A claim is plausible when it contains factual allegations that, if true, would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, the Court construes the Complaint in the light most favorable to the non-moving party and accepts as true all reasonable inferences drawn from well-pled factual allegations. *See Yellen v. U.S. Bank, Nat'l Assoc.*, 301 F. Supp. 3d 43, 46 (D.D.C. 2018). Yet the Court does not "accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because Morrison is suing *pro se*, the Court liberally construes her submissions. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).[2] In so doing, the Court considers not

---

[2] Morrison makes a passing request for the Court to appoint her pro bono counsel. *See* Pl.'s Opp'n at 2, ECF No. 8. The Court construes her request as a Motion to Appoint Counsel under 28 U.S.C. § 1915(e)(1) and Local Rule 83.11(b)(3). *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (recognizing a federal court's ability to "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order . . . to create a better correspondence between the substance of the pro se motion's claim and its underlying legal basis"). So construed, the Court denies her request. "Plaintiffs in civil cases do not have a constitutional or statutory right to counsel." *Pinson v. U.S. Dep't of Justice*, 55 F. Supp. 3d 80, 83 (D.D.C. 2014). Even so, the Court "may request an attorney to represent any person unable to

only the Complaint itself but also her other filings. *See Parks v. Giant of Maryland*, 295 F. Supp. 3d 5, 8 (D.D.C. 2018). Despite this lenient standard, Morrison's Complaint falls short.

### III.

The Court starts with a point of clarification. Morrison seeks money damages from Mayor Bowser. *See* Compl. at 5. And Morrison is suing the Mayor in her official capacity. *See id.* at 1. But "government officials are not personally liable for damages" "[w]hen sued in their official capacities." *Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). In a scenario like this, courts often substitute the government official for the municipality itself. *See id.*; *see also Doe v. D.C. Metro. Police Dep't*, 948 A.2d 1210, 1213 n.3 (D.C. 2008) (noting substitution). But substitution would be futile here because Morrison's Complaint fails for three reasons: res judicata, the statute of limitations, and insufficient allegations.

### A.

Res judicata bars this suit. The doctrine of res judicata (also known as claim prelusion) bars a lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (cleaned up). The cause of action or claims are determined to be the same when they pull from the "same nucleus of facts." *Id.* "[C]laim preclusion is also intended to prevent litigation of matters that *should have been* raised in an

---

afford counsel." 28 U.S.C. § 1915(e)(1). And the Local Rules in this district contain specific "procedures [that] govern the appointment of attorneys from the Civil Pro Bono Panel to represent *pro se* parties who are proceeding *in forma pauperis* in civil actions and cannot obtain counsel by any other means." LCvR 83.11(b). But Morrison is not proceeding *in forma pauperis*, nor has she shown the kind of "exceptional circumstances" that warrant the appointment of counsel. *Pinson*, 55 F. Supp. 3d at 83. And none of the four factors in Local Rule 83.11(b)(3) warrant such appointment.

earlier suit." *Nat. Res. Def. Council v. E.P.A.*, 513 F.3d 257, 261 (D.C. Cir. 2008) (cleaned up). All four elements are met here.

*First*, Morrison has raised largely indistinguishable claims across all five lawsuits. They each arise out of the same nucleus of operative facts—her husband's diminished pay and benefits resulting from alleged discrimination. *See* Compl. at 7–12. Morrison does not deny this; indeed, she filed a Notice of Designation of Related Civil Cases listing four other cases that "involve[] the same parties and same subject matter." Notice at 1–2, ECF No. 2. So this case "involve[s] the same claims or cause of action" as those advanced in prior litigation. *Capitol Hill Grp.*, 569 F.3d at 490.

*Second*, Morrison's claims are proceeding against the same parties. *Compare* Compl. at 1 (naming Bowser), *with Estate of Carl Morrison*, No. 2017-CA-003071-B (D.C. Super. Ct.) (naming Bowser and other municipal officials), *Morrison*, No. 2021-CA-002147-B (D.C. Super. Ct.) (naming District of Columbia and municipal officials), *Morrison*, No. 22-cv-456 (D.D.C.) (naming District of Columbia), *and Morrison*, No. 2023-CAB-001437 (D.C. Super. Ct.) (naming District of Columbia and municipal officials). Because "[a] section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself," these suits are against the same party—the District of Columbia. *Atchinson*, 73 F.3d at 424.

*Third*, there have already been multiple final, valid judgments on the merits of Morrison's claims. The Superior Court has dismissed her claims three times—she even attached two of its judgments to her Complaint. *See* Compl. Exs. M & N, ECF No. 10-1 at 94 & 109. And this Court has already dismissed virtually identical claims "with prejudice." *See Morrison*, 2022 WL

5

16961129, at *5.  That designation alone means her claims "may not be refiled."  *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 119 (D.D.C. 2014).

In response, Morrison declares that her claims "have not been fully litigated over the past seven years."  Pl.'s Opp'n at 3, ECF No. 8.  But this is really no response at all.  The test is whether "there has been a final, valid judgment on the merits."  *Capitol Hill Grp.*, 569 F.3d at 490.  There has.  *See, e.g.*, *Morrison*, 2022 WL 16961129, at *5 (dismissing suit "with prejudice"); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("'With prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'" (cleaned up)).

*Fourth*, this Court and the Superior Court possessed jurisdiction to adjudicate Morrison's prior lawsuits.  *See Capitol Hill Grp.*, 569 F.3d at 490.  Neither party disagrees.  So res judicata bars Morrison's latest attempt to air her claims.

**B.**

The statute of limitations also bars Morrison's suit.  Her Complaint identifies 42 U.S.C. § 1983 as the basis for jurisdiction.  *See* Compl. at 3.  Section 1983 does not specify a limitation period, so D.C. Code § 12-301(8) supplies one.  *See Hobson v. Wilson*, 737 F.2d 1, 32 (D.C. Cir. 1984).  And § 12-301(8) sets a statutory limitation of three years on any action which otherwise lacks a "specially prescribed" limitation period.  Carl Morrison died in 2017 and Patricia Morrison brought this suit in 2024.  That seven-year gap falls well beyond the three-year allowance for § 1983 claims.  This reason alone warrants the dismissal of the Complaint.

Yet Morrison argues her *pro se* status entitles her to equitable tolling.  *See* Pl.'s Opp'n at 1.  Not so.  District law "does not recognize an equitable tolling exception to the statute of limitations."  *Bundy v. Sessions*, 387 F. Supp. 3d 121, 125 (D.D.C. 2019).  And even if it did,

Morrison has not carried her burden of showing that equity demands tolling. *See McAlister v. Potter*, 733 F. Supp. 2d 134, 144 (D.D.C. 2010). A *pro se* litigant must do more than state they are *pro se* to justify equitable tolling. *See Horsey v. Harris*, 953 F. Supp. 2d 203, 211 (D.D.C. 2013) (finding that *pro se* status alone was not enough to justify equitable tolling). So the statute of limitations independently bars Morrison's suit.

C.

Procedural obstacles aside, Morrison's Complaint fails to state a claim. As discussed above, only the District of Columbia could be susceptible to money damages in a § 1983 suit like this one. *See Atchison*, 73 F.3d at 424. But even assuming Morrison named the right Defendant, the District could only be held responsible under a theory of municipal liability. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Yet that would require allegations of a constitutional violation rooted in a municipality custom or practice. *See id.* And those allegations are not in Morrison's Complaint.

More, Morrison failed to address this argument in her reply brief. *See* Pl.'s Opp'n; Def.'s Reply, ECF No. 10. That omission operates as a concession. *See Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 121–22 (D.D.C. 2014). Indeed, "[i]t is well understood that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) (cleaned up).

Finally, Morrison makes the passing claim that fraud infected her prior suits. *See, e.g.*, Compl. at 11. Merits aside, "[t]he *Rooker-Feldman* doctrine denies this Court jurisdiction over" any challenge to a prior "state court's judgment." *Morrison*, 2022 WL 16961129, at *3. If Morrison wanted to challenge a prior state court's judgment, on fraud or some other grounds, she

should have taken an appeal. But this Court simply cannot review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

## IV.

For these reasons, the Court will grant Mayor Bowser's motion and dismiss Morrison's Complaint with prejudice. This is Morrison's fifth bite at the apple. The Court previously gave Morrison three chances to amend her Complaint. *See Morrison*, 2022 WL 16961129, at *1. Having reviewed her latest Complaint, the Court is convinced that Morrison cannot "allege additional facts that would cure the deficiencies." *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006). A corresponding Order will issue today.

Dated: July 3, 2024                                              TREVOR N. McFADDEN, U.S.D.J.